IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RAY ROGER RIVERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-250-MTT-CHW |
| VS. | : | |
| | : | |
| JONES COUNTY TASK FORCE, *et al.,* | : | |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Ray Roger Rivers has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, while confined at Calhoun State Prison in Morgan, Georgia. (Doc. 1). Plaintiff's motion to proceed *in forma pauperis* was previously granted, and he was ordered to pay an initial partial filing fee. Plaintiff paid the initial partial filing fee, and his claims are now ripe for preliminary review.

## DISCUSSION

### I.  Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief

may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II.   **Statement of Claims**

In his complaint, Plaintiff, who states that he was convicted of drug trafficking and sentenced to fifteen years in prison, sues the Jones County Task Force, Jones County Sheriff's Office, and Jones County Humane Society. (Compl. 4, Doc. 1). In an amended complaint[1] filed on September 18, 2014, Plaintiff added Jones County Task Force Officers R. Reese, G. Nelson, and J. Black, as well as Jones County Sheriff's Deputy Sheen and Jones County Animal Control employee Mike Harrel as Defendants. (Doc. 6).

Plaintiff contends that on May 28, 2013, he and his girlfriend, along with their dog Marley, were pulled over by the Jones County Task Force and the Jones County Sheriff's Department. Plaintiff, his girlfriend, and the dog were taken to the Jones County Jail as a result of the stop and search of the vehicle. At the jail, Plaintiff's

---

[1] Plaintiff's amended motion is allowed pursuant to Federal Rules of Civil Procedure Rule 15.

girlfriend and dog were put in a holding cell together.  Plaintiff was told by Defendant Officer Robert Reese that the dog could not stay and would need to be turned over to Animal Control.  Plaintiff states that he and his girlfriend begged the officers to allow them to call someone to pick up the dog.  Defendant Reese refused and called the Jones County Humane Society (a term Plaintiff uses interchangeably with Humane Society) to come retrieve the dog.  The next day, Animal Control came and picked up the dog.  At some point thereafter, the dog was lost by Animal Control.  The dog, Marley, has not been located to date, despite diligent efforts by Plaintiff's girlfriend.

Plaintiff alleges claims of abuse of process, abuse of discretion, wanton and willful misconduct, duty to act, and malicious injury.  In the form of relief, Plaintiff seeks actual and punitive damages in the amount of $85,000, as well as all court costs and expenses Plaintiff has incurred.

### III.   Analysis

#### A.   Jones County Sheriff's Office

As stated above, Plaintiff has sued the Jones County Sheriff's Office.  The issue of whether a government entity is capable of being sued is "determined by the law of the state in which the district court is held."  Fed.R.Civ.P. 17(b); *accord Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006).  Under Georgia law, only three classes of legal entities are capable of being named in a lawsuit: (1) natural persons; (2) artificial persons (a corporation); and (3) quasi-artificial persons as the law recognizes as being capable to sue.  *Lawal*, 196 F. App'x at 768 (citing *Ga. Insurers Insolvency Pool v. Elbert Cnty.,* 258 Ga. 317, 368 (1988)).  A sheriff's office does not fall into any of the categories and therefore is not capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The Court finds no basis for allowing Plaintiff to sue the Jones

County Sheriff's Office. Thus, any claims against the Jones County Sheriff's Office in this case must be **DISMISSED.**

### B.     Failure to State a Claim

Plaintiff has also alleged claims against the Jones County Task Force and the Jones County Humane Society. It should be noted that there is no entity called "Jones County Task Force" in Jones County, Georgia.[2] It is also noted that there while there is no entity named the "Jones County Humane Society," the Court will construe Plaintiff's claim as being against the Jones County department known as Jones County Animal Control.[3] Plaintiff's amended complaint alleges the same claims against Task Force Officers Reese, Nelson, and Black, as well as Sheriff's Deputy Sheen and Animal Control employee Mike Harrel.

Regardless of what entities Plaintiff has sued, his claims are due to dismissed because Plaintiff does not state a claim upon which relief may be granted. The Supreme Court has explicitly held that when a person is deprived of his property[4] due to the actions of state employees, claims of property deprivation are barred by the *Parratt-Hudson* doctrine if a post-deprivation remedy exists. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). The Eleventh Circuit has held that intentional deprivations of property by state officials do not violate the due process clause of the

---

[2] The Jones County Sheriff's Office is involved with various interdepartmental task forces such as the Southeast Regional Fugitive Task Force[2] ("SERFTF") and the Middle Georgia Drug Task Force. *See* http://www.usmarshals.gov/investigations/taskfrcs/rftfs/so-east/se-rftf.htm; http://www.jcsheriff.org/warrant_division.htm.

[3] http://www.jonescountyga.org/depts_animal_control.php.

[4] Pursuant to O.C.G.A § 44-1-8, animals are considered to be personal property and damages are recoverable for the intentional or even negligent deprivation thereof under O.C.G.A. § 51-10-6.

Fourteenth Amendment if adequate post-deprivation remedies exist. *See Jackson v. Hill*, -- F. App'x --, 2014 WL 2696765 (11th Cir. 2014). The same is true for claims of negligent deprivation. *See Daniels*, 474 U.S. at 330–31; *Davidson v. Cannon*, 474 U.S. 344 (1986). Plaintiff's case is one of negligent deprivation, and an adequate post-deprivation remedy is available to Plaintiff in this case. *See Hudson*, 468 U.S. at 533–34; *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). Specifically, Georgia law provides at least two potential post-deprivation remedies for these types of claims. *See* O.C.G.A. §§ 51-10-1 through 51-10-6 (providing cause of action and damages for injuries to property); and O.C.G.A. §§ 28-5-80 through 28-5-86 (providing for a claim against the state or any of its agencies). Thus, Plaintiff's claims against the Jones County Task Force and the Jones County Animal Control must be dismissed.

With regard to the parties Plaintiff added to his complaint, those Defendants must also be dismissed. As stated *supra*, Plaintiff alleges that Jones County Investigator Robert Reese denied Plaintiff's request to have someone pick his dog up from the jail and called Animal Control to come retrieve the dog. The following day, Animal Control came and took custody of the dog. Thereafter, Animal Control lost the dog. To the extent that any constitutional violation may be alleged from the facts, those claims fail. In his Complaint, Plaintiff simply alleges that Officer Reese called Animal Control. The mere act of calling Animal Control does not violate any constitutional right. Plaintiff further fails to make any specific allegations regarding Officers Nelson, Black, Sheen, or Mike Harrel. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how *overt acts* of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added). Therefore, all claims made against Defendants Reese,

Nelson, Black, Sheen, and Harrel must be **DISMISSED**.

For the foregoing reasons, the claims as alleged in Plaintiff's original and amended complaints fail to state a claim for relief under § 1983. As such, Plaintiff's claims are hereby **DISMISSED.** Because no federal claims exist in this case, the Court declines to exercise jurisdiction over any pendant state claims brought in the complaint.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint as required by 29 U.S.C. § 1915, the Court finds that Plaintiff's complaint and all claims for damages against the Defendants should be **DISMISSED**. For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. See 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

**SO ORDERED**, this 24th day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lws